United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CORY W. GUINNEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL,<br><br>　　　　Defendant. | Case No. 18-cv-04322-LB<br><br>**ORDER GRANTING THE PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: ECF No. 36 |

## INTRODUCTION

The court previously granted the plaintiff's motion for summary judgment and remanded the action to the Social Security Administration for further proceedings.[1] On remand, the plaintiff received a past-due benefits award.[2] His counsel now seeks fees of $17,043.75, which is within the 25-percent limit in 42 U.S.C. § 406(b) and the representation agreement with his client.[3] The court can decide this matter without oral argument. *See* Civil L.R. 7-1(b). The court grants the motion.[4]

---

[1] *See* Order – ECF No. 31. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Notice of Award – ECF No. 36-3 at 1–3.

[3] Motion for Attorney's Fees – ECF No. 36.

[4] The court declines the plaintiff's counsel's request to apply a 4.08 multiplier. *See id.* at 4–6.

ORDER – No. 18-cv-04322-LB

**STATEMENT**

The Commissioner awarded the plaintiff $68,175.00 in retroactive Disability Insurance Benefits. In the notice of award, the Commissioner informed the plaintiff that the agency was withholding $17,043.75 — 25 percent of the past-due benefits (what it usually withholds) — in case his attorney sought a fee, which the agency must first approve.[5] The plaintiff also has a fee agreement with his lawyer that provides for a 25-percent contingency fee of the past-due benefits owed to him.[6] The court previously awarded $5,250.00 in attorney's fees under the Equal Access to Justice Act (EAJA).[7] The plaintiff's attorney now seeks the $17,043.75 in fees.

The Commissioner filed a response to the plaintiff's motion asking the court to consider the reasonableness of the fee award (including the plaintiffs' counsel's hourly rate) and order the plaintiff's counsel to refund the EAJA fees to the plaintiff.[8] The plaintiff's counsel agreed that he will refund the EAJA fees to the plaintiff once received.[9]

**ANALYSIS**

Under 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant . . . , the court may determine and allow as part of its judgment a reasonable fee" for the claimant's counsel, which can be no more than 25 percent of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25-percent fee based upon

---

[5] Notice of Award – ECF No. 36-3 at 2–4; Mot for Attorney's Fees – ECF No. 36 at 3–4 (¶ C.); Commissioner's Response to Motion – ECF No. 38 at 1–2.

[6] Fee Agreement – ECF No. 36-4 at 1.

[7] Order – ECF No. 35.

[8] Commissioner's Response to Motion – ECF No. 38 at 1–4.

[9] Motion for Attorney's Fees – ECF No. 36-1 at 2 n.1; Reply – ECF No. 40 at 1. The plaintiff's counsel contends that he has not yet received the EAJA fees as of the time of the filing of his motion for attorney's fees or reply brief.

any past-due benefits awarded on remand. *See, e.g.*, *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc).

In considering a motion for attorney's fees under § 406(b), the court must review counsel's request "as an independent check" to ensure that the contingency fee agreement "yield[s] reasonable results." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09. To evaluate the reasonableness of a fee request under § 406(b), the court considers the character of the representation and the results achieved. *Id.* at 808; *see also Crawford*, 586 F.3d at 1151. This includes analyzing whether substandard representation justifies awarding less than 25 percent in fees; any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151–52 (citing *Gisbrecht*, 535 U.S. at 808). If an attorney "is responsible for delay. . . a reduction [of fees] is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (cleaned up); *see also Crawford*, 586 F.3d at 1151.

The court must offset an award of § 406(b) attorney's fees by any award of fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

The 25-percent contingency-fee agreement is within § 406(b)(1)(A)'s ceiling, and the amount is reasonable.

## CONCLUSION

The court finds that a fee award of $17,043.75 is reasonable under § 406(b). The plaintiff's counsel must refund the plaintiff the EAJA fees once they are received.

**IT IS SO ORDERED.**

Dated: June 18, 2021

LAUREL BEELER
United States Magistrate Judge